Citation Nr: 1522707 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-06 516A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for numbness and tingling of the bilateral hands, arms, feet, and legs claimed as secondary to service-connected cervical and lumbar spine disabilities.

2. Entitlement to an initial rating in excess of 50 percent for posttraumatic stress disorder (PTSD). 

3. Entitlement to a rating in excess of 30 percent for status post cervical injury, formerly rated as residuals, cervical spine injury with spurring.

4. Entitlement to a rating in excess of 20 percent for degenerative disc disease (DDD), lumbar spine, formerly lumbosacral strain with interior wedging. 

5. Entitlement to a total disability rating due to individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J.B. Freeman, Counsel


INTRODUCTION

The Veteran (appellant) served on active duty from May 1986 to June 1989. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from December 2009 and May 2013 rating decisions of the RO in St. Petersburg, Florida. The December 2009 rating decision awarded ratings of 30 percent and 20 percent for the Veteran's service-connected cervical and lumbar spine disabilities, respectively. The May 2013 rating decision denied service connection for numbness and tingling of the hands, arms, feet, and legs, granted service connection for PTSD and assigned an initial 50 percent disability rating and denied entitlement to a TDIU. 

The Veteran testified before the undersigned at an April 2015 hearing at the RO. A transcript has been associated with the file. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. On April 15, 2015, the Veteran withdrew his appeals as to the issues of entitlement to service connection for numbness and tingling of the bilateral hands, arms, feet, and legs, an initial rating in excess of 50 percent for PTSD, a rating in excess of 30 percent for status post cervical injury, and a rating in excess of 20 percent for DDD of the lumbar spine.

2. The Veteran is presently in receipt of service connection for PTSD, rated as 50 percent disabling, status post cervical injury, rated as 30 percent disabling, DDD of the lumbar spine, rated 20 percent disabling, lacerations of the left arm, right foot, and lower lip, rated as noncompensably disabling, and cephalgia, myofascial pain syndrome, rated as noncompensably disabling.

3. The Veteran's combined disability rating is 70 percent.

4. The Veteran's service-connected disabilities render him unable to secure or follow a substantially gainful occupation.


CONCLUSIONS OF LAW

1. The criteria for withdrawal of a Substantive Appeal by the Veteran have been met as to the issues of entitlement to service connection for numbness and tingling of the bilateral hands, arms, feet, and legs, an initial rating in excess of 50 percent for PTSD, a rating in excess of 30 percent for status post cervical injury, and a rating in excess of 20 percent for DDD of the lumbar spine. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. §§ 20.202, 20.204 (2014).

2. The criteria for assignment of a TDIU are met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.340, 4.15, 4.16 (2014).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Withdrawn Appeals

On April 15, 2015, the Veteran submitted a letter indicating that he withdrew his appeals except for entitlement to a TDIU. He repeated that during the hearing before the undersigned on the same day. April 2015 Board Hearing Transcript (Tr.) at 2-3. The Board finds that the Veteran's intent to withdraw was knowing, intelligent, and voluntary based upon the assistance from his representative and the discussions at the hearing. The withdrawal of an appeal effectively creates a situation where there is no longer an allegation of error of fact or law with respect to the determination that had been previously appealed. Consequently, in such an instance, dismissal of the appeal as to the issues other than entitlement to a TDIU is appropriate. See 38 U.S.C.A. § 7105(d); see also 38 C.F.R. §§ 20.202, 20.204.

II. Entitlement to a TDIU

The Veteran contends that he is unemployable as a result of his service-connected disabilities. For the reasons that follow, the Board finds that the schedular disability rating requirements for assignment of a TDIU under 38 C.F.R. § 4.16(a) are met and that the Veteran's service-connected disabilities alone prevent him from securing or following substantially gainful employment. The Board concludes that assignment of a TDIU is warranted. 

A. Schedular Disability Ratings Requirements for a TDIU

The Board may assign a TDIU in the first instance provided that certain schedular disability ratings requirements, such as a combined disability rating of 70 percent with at least one disability rating as 40 percent rating, are met. See 38 C.F.R. § 4.16(a); see also Bowling v. Principi, 15 Vet. App. 1, 10 (2001) (holding that the Board may not assign a TDIU in the first instance when the schedular requirements of 38 C.F.R. § 4.16(a) are not met).

The Veteran is presently in receipt of service connection for PTSD, rated as 50 percent disabling, status post cervical injury, rated as 30 percent disabling, DDD of the lumbar spine, rated 20 percent disabling, lacerations of the left arm, right foot, and lower lip, rated as noncompensably disabling, and cephalgia, myofascial pain syndrome, rated as noncompensably disabling. The Veteran's combined disability rating is 70 percent. Thus, the schedular rating requirements for a TDIU are met. 38 C.F.R. § 4.16(a). 

B. Ability to Secure or Follow Substantially Gainful Employment

Total disability ratings for compensation may be assigned where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of a service-connected disabilities. 38 C.F.R. § 4.16(a). Factors to be considered are a veteran's education, employment history, and vocational attainment. Ferraro v. Derwinski, 1 Vet. App. 326, 332 (1991). Marginal employment shall not be considered substantially gainful employment. 38 C.F.R. § 4.16(a). Marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Id. Marginal employment may also be held to exist on a facts found basis when earned annual income exceeds the poverty threshold. Id.

The Veteran testified before the undersigned that he has not been employed since 1996 or 1997. April 2015 Board Hearing Tr. at 7. The Veteran testified that his job during active service was in radar equipment repair. Id. at 5. He reported that this was a physical job. Id. After service, he worked in a couple of restaurants as a busboy and waiter. Id. at 6. He testified that he was fired because he got into a fight and that he was having a little trouble lifting at the time as well. Id. The Veteran testified to being unaware that he had PTSD until approximately 2011 and reported "outbursts of everything all the time." Id. at 7. He testified to being on several medications for his service-connected spine and PTSD disabilities that impaired his memory. Id. at 9-10. He also reported that he had to take the medications or he could not sleep. Id. at 10. He also testified that he had been trying to get jobs for years, but no one would hire him with the drugs in his system. Id. 

A February 2015 letter was written by a VA psychiatrist on the Veteran's behalf. The psychiatrist stated that the Veteran had PTSD and depression and had compounding stressors, including residual medical conditions from past motor vehicle accidents (neck and back pain), limited social supports, and financial constraints. The psychiatrist indicated that the Veteran was unable to gain or maintain "sustainful" employment, to include sedentary employment because of the duration and severity of symptoms and the potential side effects of his medications.

At the April 2015 hearing, the Veteran testified that he had been seeing the psychiatrist every couple of months over the previous year, that the psychiatrist was aware with the Veteran's educational background, training, and employment history, and that the psychiatrist had discussed the Veteran's symptoms with the Veteran over the course of the treatment. April 2015 Board Hearing Tr. at 14. 

The Veteran's employment history is minimal and reflects competitive employment only in the distant past. In various documents submitted in the course of this appeal, the Veteran has reported working last in 1996. He has consistently stated that he last worked full time while on active duty and had been working in restaurants as a waiter and busboy part time after service, until he stopped working altogether in 1997. The Veteran also testified before the undersigned to having limited employment through a church. April 2015 Board Hearing Tr. at 13. The church completed a VA Form 21-4192, Request for Employment Information in Connection with Claim for Disability Benefits, which was received by VA in November 2014. The church indicated that the Veteran was paid $800 per month as a benevolence beginning in 2008 and was paid as an independent contractor beginning in 2009 to lead bible study when able physically to be present. The church indicated that this continued until December 2013. The Veteran's earnings in the twelve months preceding his last employment was $9,596. The church indicated that the Veteran had left employment because he was unable to continue physically. The Board notes that, according to the U.S. Census Bureau, the poverty threshold for a single person under age 65 for 2013 was $12,119. Thus, the only post-1996 employment on the record appears to have been marginal, rather than substantially gainful. 

The Veteran's educational attainment is minimal. The Veteran's DD 214 indicates that he was a high school graduate (or equivalent) and completed electronics and radar repair courses while in active service. He also contributed to the Montgomery GI Bill, but there is no indication in the claims file that he ever utilized those educational benefits. He clarified at a February 1991 vocational rehabilitation interview that he had not completed high school prior to active duty and had finished his remaining credits during service. 

The Veteran's vocational attainment is also poor. The Veteran did begin the process of enrolling in VA vocational rehabilitation services in 1990. A February 1991 intake evaluation, conducted as part of an initial evaluation, states that the Veteran had no specific job skills and would need an objective requiring limited physical activities. Unfortunately, the Veteran did not complete the initial evaluation in April 1991 and his vocational rehabilitation claim was placed in discontinued status. There is no indication from the record that the Veteran ever acquired specific job skills after service. 

The Board notes that a June 2010 Social Security Administration (SSA) decision found the Veteran was not disabled; however, the SSA considered only the effect of the Veteran's cervical and lumbar spine disabilities and did not address the effect of the Veteran's PTSD on his ability to secure or follow substantially gainful employment. 

Given this evidence, and resolving any remaining doubt in favor of the Veteran, the Board finds that the Veteran is unable to secure or follow a substantially gainful occupation as a result of the combined effects of his service-connected disabilities. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. Entitlement to a TDIU is therefore granted. 


 (CONTINUED ON NEXT PAGE)

ORDER

The appeals as to the issues of entitlement to service connection for numbness and tingling of the bilateral hands, arms, feet, and legs, an initial rating in excess of 50 percent for PTSD, a rating in excess of 30 percent for status post cervical injury, and a rating in excess of 20 percent for DDD of the lumbar spine are dismissed.

Entitlement to a TDIU is granted.




____________________________________________
JAMES D. RIDGWAY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs